No. 630

JAMES TAYLOR v. PAUL W. HYDELL, Infant

No. 18762. Supreme Court

Pending on motion of Taylor to order Ross Appeals to certify; docketed Aug. 16, 1924. 2 Abs. 516.

118. AUTOMOBILES—Conflict of statute and City Ordinance as to rate of speed—Admission of ordinance in evidence.

The questions involved in this case, as shown by the motion and brief of Taylor, are as follows:

1. Lower courts failed to follow Supreme in permitting the introduction in evidence of a city ordinance that was not pleaded.

2. Said courts erred in refusing to follow 12608 GC. in permitting the introduction of an obsolete city ordinance which diminished and restricted said section and was in conflict with the general laws of the state and contrary to Sec. 3, Art. 18, of the state constitution.

3. Error in permitting infant to recover for medical bills, hospital expense, etc., paid by father contrary to weight of authority.

4. Error in permitting evidence as to possible speculative future damages, in which the ruling of this Court of Appeals was in conflict with the Appeals of Lucas county in Toledo Ry. Co. v. Polans, 7 OA. 397.

5. The question as to whether or not the repealing of that portion of 12608 GC. permitting municipalities to define that in business and closely built up portions thereof, has nullified all existing ordinances upon that question.

The action was brought by the father of Paul Hydell, who was an infant of eight years, for injuries sustained when struck by an auto driven by Taylor. His alleged negligence was, (a) driving about 40 miles per hour, and (b) on the left and wrong side of the street. Taylor denied all the general allegations. A jury in the Common Pleas gave a verdict in favor of Paul for $5,000. The boy came out of an alley and started to run across the street in front of the Taylor car, in the city of Chillicothe.

An ordinance of the city, passed Feb. 11, 1918, made it punishable to drive at a greater rate of speed than eight miles per hour, in the business and close built up part and more than 15 miles in other portions. This ordinance when passed was in accord with 12608 GC., but this section was amended in 1919, to raise the speed limits to 15 and 20 miles respectively. This, it is claimed, made the ordinance in conflict with the statute and thereby repealed it. The court allowed this ordinance to be admitted in evidence, although it was not pleaded, and it is claimed that Taylor was prejudiced thereby.

It was claimed by counsel for Hydell that the ordinance was admissible in evidence for the purpose of defining the business and closely built up sections of the city, but the other side argued that in view of the repeal of the clause of 12608 GC. giving municipalities power to define these sections, all ordinances of this character heretofore passed became suspended.

Attorneys—W. W. Boulger, for Taylor; Minshall & Phillips, for Hydell; all if Chillicothe.

# Bound Volumes
# 1923
# O H I O
# LAW ABSTRACT

JUST A FEW VOLUMES LEFT

And They Will Soon be Taken

WHILE THEY LAST

Including Delivery

If you have back numbers for part of the year, we will receive them in exchange.

THEY GROW MORE VALUABLE WITH AGE

PRICE NOW. $17.50

WRITE FOR PARTICULARS

## The Law Abstract Company

CLEVELAND, O.

Mail Address, Box 55, East Cleveland Station